FILED
OCT 29 2019
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

YVONNE HICKMAN,          )
                         )
        Plaintiff,       )
                         )
v.                       )    Civil Action No.: 1:19-cv-02283 (UNA)
                         )
                         )
UNITED STATES OF AMERICA, et al.,  )
                         )
        Defendants.      )

## MEMORANDUM OPINION

Plaintiff filed this matter on July 25, 2019, however, she failed to comply with District of Columbia Local Civil Rule 5.1(c), in that she listed a P.O. Box as her address, which is only permitted upon leave of court. The Court issued an Order, *see* ECF No. 3, directing plaintiff to either file an amended complaint listing her full resident address or to file a separate motion setting forth her reasons for use of a P.O. Box. Plaintiff has now filed a Motion to Use P.O. Box in compliance with that Order. The Court may now turn to plaintiff's *pro se* Complaint and Application for Leave to Proceed *in forma pauperis* ("IFP"). The Court will grant the plaintiff's Application for Leave to Proceed IFP and dismiss the case because the Complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. The Motion to Use P.O. Box will be denied as moot.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief."

1

Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). When a "complaint [] contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8. *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). The instant complaint falls within this category.

Plaintiff, a "temporary resident" of Georgia, sues the United States, the Department of Justice, and the Federal Bureau of Investigation ("FBI"). The allegations are vague, at best. The Complaint consists of rambling allegations wherein plaintiff "complains of public corruption among the Glynn County Georgia Police Department, the City of Brunswick Police Department, and the Georgia Department of Public Safety." She broadly alleges that defendants engaged in a vast conspiracy "through orchestrated collusion, fraud, conspiracies, and extortion." She goes on to allege purported wrongdoing committed by individuals working within the Georgia government and court system, causing her myriad injury, including, but not limited to: false arrests, interference with her "legal right to stay married," "criminalization of her good name," and denial of benefits from the Veterans Administration. She postures that the FBI was aware of this alleged wrongdoing but "refused to assist[1] and did nothing to stop federal and state violations against [her] regarding

---

[1] This Court has no authority to compel defendants to initiate a criminal investigation or to prosecute a criminal case. *See Shoshone–Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995) (citations omitted); *see also Cox v. Sec'y of Labor*, 739 F. Supp. 28, 30 (D.D.C. 1990) (citing cases).

2

the issues of false arrest and banishment as a citizen of the United States, as [she] visited Capitol Hill." She seeks $200 million in damages.[2]

While plaintiff cites several constitutional amendments, the actual causes of action, if any, are completely undefined. The Complaint, as pled, fails to provide any notice of a claim or any basis of federal court jurisdiction. Therefore, this case will be dismissed. A separate Order accompanies this Memorandum Opinion.

Date: October 25, 2019

CHRISTOPHER R. COOPER
United States District Judge

---

[2] The United States possesses sovereign immunity from suit against itself or one of its agencies for money damages, except to the extent that it expressly consents to suit. *Dalehite v. United States*, 346 U.S. 15, 30 (1953).

3